Himmel & Bernstein, LLP
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200
Attorney of Record:
 Tracey S. Bernstein, Esq. (TB-0405)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOEL KLAUSMAN,

      Plaintiff,      **REPLY TO COUNTERCLAIMS**

  -against-

                2007 Civ. 5604 (WCC)
CHROMAGEN USA INC, MAXINE MORGAN INC,
and ROGER EICHENHOLTZ,

                ECF Filed

      Defendants.
----------------------------------------------------------x

  Plaintiff Joel Klausman, by his attorneys Himmel & Bernstein, LLP, replies to the counterclaims raised in defendants' Answer and Counterclaims (the "Answer") in the above-captioned matter by admitting, denying and averring as follows:

 I. **AS AND FOR PLAINTIFF'S REPLY TO THE FIRST COUNTERCLAIM**

  1. No responsive pleading is required in response to the allegations contained in paragraph 62 of the Answer.

  2. Deny the allegations contained in paragraph 63 of the Answer.

  3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Answer.

  4. Deny the allegations contained in paragraph 65 of the Answer.

  5. Deny the allegations contained in paragraph 66 of the Answer.

6. Deny the allegations contained in paragraph 67 of the Answer.

7. Deny the allegations contained in paragraph 68 of the Answer.

8. Admit that plaintiff was employed "at will" as a full-time employee and deny the remaining allegations contained in paragraph 69 of the Answer.

9. Deny the allegations contained in paragraph 70 of the Answer.

10. Deny the allegations contained in paragraph 71 of the Answer.

11. Admit that the corporate defendants Chromagen USA, Inc. and Maxine Morgan, Inc. provided plaintiff and his wife with health insurance as part of his employment benefit package and deny the remaining allegations contained in paragraph 72 of the Answer.

12. Deny the allegations contained in paragraph 73 of the Answer.

13. Deny the allegations contained in paragraph 74 of the Answer.

## II.    AS AND FOR PLAINTIFF'S REPLY TO THE SECOND COUNTERCLAIM

14. Plaintiff repeats and realleges each and every admission, denial and denial for lack of knowledge or information contained in paragraphs 1 through 13 hereof with the same force and effect as if the same had been more fully set forth below.

15. Admit that plaintiff, along with defendant Roger Eichenholtz, was scheduled to attend the Las Vegas trade show in his capacity as an executive of defendant Chromagen USA, Inc. and deny the remaining allegations contained in paragraph 76 of the Answer.

16. Deny the allegations contained in paragraph 77 of the Answer.

17. Admit that due to serious health issues that required his hospitalization plaintiff did not attend the Las Vegas Show and deny the remaining allegations contained in paragraph 78 of the Answer.

18. Deny the allegations contained in paragraph 79 of the Answer.

### III. AS AND FOR PLAINTIFF'S REPLY TO THE THIRD COUNTERCLAIM

19. Plaintiff repeats and realleges each and every admission, denial and denial for lack of knowledge or information contained in paragraphs 1 through 18 hereof with the same force and effect as if the same had been more fully set forth below.

20. Admit that starting in late February / early March 2006 in his capacity as an executive employee of defendant Chromagen USA, Inc. plaintiff solicited doctors and other eye care professionals to form a guild to dispense the Chromagen system and deny the remaining allegations contained in paragraph 81 of the Answer.

21. Deny the allegations contained in paragraph 82 of the Answer.

22. Deny the allegations contained in paragraph 83 of the Answer.

23. Deny the allegations contained in paragraph 84 of the Answer.

24. Deny the allegations contained in paragraph 85 of the Answer.

25. Deny the allegations contained in paragraph 86 of the Answer.

### IV. AS AND FOR PLAINTIFF'S REPLY TO THE FOURTH COUNTERCLAIM

26. Plaintiff repeats and realleges each and every admission, denial and denial for lack of knowledge or information contained in paragraphs 1 through 25 above with the same force and effect as if the same had been more fully set forth below.

27. Deny the allegations contained in paragraph 88 of the Answer.

28. Deny the allegations contained in paragraph 89 of the Answer.

29. Deny the allegations contained in paragraph 90 of the Answer.

30. Deny the allegations contained in paragraph 91 of the Answer.

31. Deny the allegations contained in paragraph 92 of the Answer.

32. Deny the allegations contained in paragraph 93 of the Answer.

33. Deny that defendants are entitled to recover punitive damages or attorneys fees as set forth in defendants' wherefore clause.

## V. AS AND FOR PLAINTIFF'S AFFIRMATIVE DEFENSES

### A. Plaintiff's First Affirmative Defense

34. The allegations in the counterclaims, in whole or in part, fail to state a claim against the plaintiff upon which relief can be granted.

### B. Plaintiff's Second Affirmative Defense

35. Defendants' counterclaims are barred, in whole or in part, by the doctrine of waiver.

### C. Plaintiff's Third Affirmative Defense

36. Defendants' counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### D. Plaintiff's Fourth Affirmative Defense

37. Defendants' counterclaims are barred, in whole or in part, by the doctrine of laches.

### E. Plaintiff's Fifth Affirmative Defense

38. Defendants' counterclaims are barred, in whole or in part, by the Statute of Frauds.

### F. Plaintiff's Sixth Affirmative Defense

39. Defendants' counterclaims are barred, in whole or in part, by the parole evidence rule.

### G. Plaintiff's Seventh Affirmative Defense

40. Defendants' counterclaims are barred, in whole or in part, by the defendants' breaches of contract.

### H. Plaintiff's Eighth Affirmative Defense

41. Defendants' counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### I. Plaintiff's Ninth Affirmative Defense

42. Defendants' damages to goodwill and trade were caused in whole, and or in part, by the actions of defendants.

**Wherefore,** plaintiff demands judgment on his complaint, dismissing defendants' counterclaims in their entirety, and such other and further relief in favor of plaintiff as the Court deems just and proper.

Dated: New York, New York
      September 27, 2007

Himmel & Bernstein, LLP

By: _____
Tracey S. Bernstein (TB 0405)
Attorneys for Plaintiff
928 Broadway, Suite 1000
New York, NY 10010
(212) 631-0200

To:

Hill Rivkins & Hayden LLP
Attorney's for Defendants
45 Broadway
New York, NY 10006
(212) 669-0600

5

## CERTIFICATE OF SERVICE

I, Tracey S. Bernstein, hereby certify that on September 27, 2007, I caused the annexed PLAINTIFF'S REPLY TO COUNTERCLAIMS to be served upon defendant's counsel listed below by filing it with the Court by means of the Court's Electronic Case Filing System pursuant to Fed. R. Civ. P. 5 and Local Rule 5.2.

Caspar Ewig, Esq.<br>
Hill Rivkins & Hayden LLP<br>
45 Broadway<br>
New York, NY 10006

Dated: New York, New York
       September 27, 2007

Tracey S. Bernstein (TB 0405)