

29604

Caspar F. Ewig.
HILL RIVKINS & HAYDEN LLP
Attorneys for Defendants
45 Broadway,
New York, N.Y. 10006
(212) 669 0600
--------------------------------------------------------------x
JOEL KLAUSMAN

                                Plaintiff,


                    vs.                                    INDEX NO. 07 CIV 5604

CHROMAGEN USA, INC., MAXINE MORGAN, INC... and         (Judge Conner)
ROGER EICHENHOLTZ;
                                Defendants
--------------------------------------------------------------x


### FIRST AMENDED ANSWER AND COUNTERCLAIMS


Defendants CHROMAGEN USA, INC. ("CHUSA"),  MAXINE MORGAN, INC.("MMI")
(collectively "the Corporate Defendants") and ROGER EICHENHOLTZ (Eichenholtz) answering
Plaintiff's complaint allege upon information and belief as follows:

1.       Defendants admit Plaintiff has alleged the causes of action set forth it its complaint,
and Defendants additionally aver that they demand trial by jury.

2.       Defendants deny knowledge or information sufficient to form a belief as to the
allegations contained in paragraph 2 of Plaintiff's complaint.

3.       Defendants admit the allegations contained in paragraph 3 of Plaintiff's complaint.

4.       Defendants admit the allegations contained in paragraph 4 of Plaintiff's complaint.

5.       Defendants admit the allegations contained in paragraph 5 of Plaintiff's complaint.

6.       Defendants admit the allegations contained in paragraph 6 of Plaintiff's complaint.

7.       Defendants deny the allegations contained in paragraph 7 of Plaintiff's complaint.

8.     Defendants admit that Plaintiff has alleged damages in excess of $ 75,000 and the diverse citizenship of the parties, and except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of Plaintiff's complaint.

9.     Defendants admit they reside in this district and that a substantial part of the events took place in this district and except as so specifically admitted, make no response to the proposition of law stated in paragraph 9 of the complaint.

ANSWERING PLAINTIFF'S
FIRST [SECOND] CAUSE OF ACTION

10.     Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 9 hereof with the same force and effect as if the same had been more fully set forth herein at length.

11.     Defendants deny the allegations contained in paragraph 11 of Plaintiff's complaint.

12.     Defendants admit that Plaintiff offered to build a guild of optometrists to dispense Chromagen products, but except as so specifically admitted, Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of Plaintiff's complaint.

14.     Defendants deny the allegations contained in paragraph 14 of Plaintiff's complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of Plaintiff's complaint.

16.     Defendants deny that the Corporate Defendants have any outstanding obligation to Plaintiff in connection with any services Plaintiff may have performed for Defendants, and except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of Plaintiff's complaint.

17.     Defendants deny the allegations contained in paragraph 17 of Plaintiff's complaint.

2

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's complaint

19.     Defendants admit a Form 1099 was filed with the Untie States Internal Revenue Service reflecting payments made to Plaintiff, and Defendants respectfully refer to those forms as to the particulars; and except as so specifically admitted, Defendants deny the remaining allegations contained in paragraph 19 of Plaintiff's complaint.

20.     omitted in complaint

21.     Defendant Eichenholtz admits that on March 5, 2007 he caused Chromagen International LLC, n/k/a Chromagen Vision, Inc. to pay Plaintiff $5,000, and except as so specifically admitted, Defendants deny the remaining allegations contained in paragraph 21 of Plaintiff's complaint.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiff's complaint.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's complaint.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's complaint

ANSWERING PLAINTIFF'S
SECOND CAUSE OF ACTION

25.     Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 24 hereof with the same force and effect as if the same had been more fully set forth herein at length.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's complaint.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's complaint.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's complaint.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's complaint.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's complaint.

31.     Defendants admit Plaintiff's attorney made a written request to Defendants on March 12, 2007 seeking payment of monies, and except as so specifically admitted, deny the allegations contained in paragraph 31 of Plaintiff's complaint.

32.     Defendants admit that the Corporate Defendants have not made any payment to Plaintiff other than as identified hereinbefore, and except as so specifically admitted, deny the allegations contained in paragraph 32 of Plaintiff's complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's complaint.

34.     The allegations contained in paragraph 34 represent a statement of law to which no response is required.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's complaint.

38.     Defendant Eichenholtz admits that a criminal complaint was filed against him in Nassau County, which was resolved by an order of restitution, and except as so specifically admitted Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's complaint.

39.     The allegations contained in paragraph 39 represent a statement of law to which no response is required.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's complaint.


ANSWERING PLAINTIFF'S
THIRD [SECOND] CAUSE OF ACTION


41.     Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 40 hereof with the same force and effect as if the same had been more fully set forth herein at length.

42.    Defendants CHUSA and Eichenholtz admit they authored the letter attached as Exhibit A and except as so specifically admitted deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of Plaintiff's complaint.

43.    Defendants deny or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's complaint.

44.    Defendants admit Exhibit A annexed to the complaint is a true copy of the Letter and respectfully refer to that document for the contents thereof, and except as so specifically admitted, deny the allegations contained in paragraph 44 of Plaintiff's complaint.

45.    Defendants deny the allegations contained in paragraph 45 of Plaintiff's complaint.

46.    Defendants deny the allegations contained in paragraph 46 of Plaintiff's complaint.

47.    Defendants deny the allegations contained in paragraph 47 of Plaintiff's complaint.

48.    Defendants deny the allegations contained in paragraph 48 of Plaintiff's complaint.

49.    Defendants deny the allegations contained in paragraph 49 of Plaintiff's complaint.

50.    Defendants deny the allegations contained in paragraph 50 of Plaintiff's complaint.

51.    Defendants deny the allegations contained in paragraph 51 of Plaintiff's complaint.

52.    Defendants deny the allegations contained in paragraph 52 of Plaintiff's complaint.

53.    Defendant CHUSA admits receiving $5,000 in deposit funds, which was reimbursed to Plaintiff, and except as so specifically admitted, deny the allegations contained in paragraph 53 of Plaintiff's complaint.

54.    Defendants admit the allegations in paragraph 54 of the complaint.

55.    Defendants deny the allegations contained in paragraph 55 of Plaintiff's complaint.

56.    Defendants deny the allegations contained in paragraph 56 of Plaintiff's complaint.

### As and for a First
### Affirmative Defense

57.    Plaintiff's complaint fails to state a cause of action against any defendant.

AS AND FOR A SEVENTH
AFFIRMATIVE DEFENSE

73.    Defendants repeat and reallege each and every allegation hereinbefore set forth in paragraphs 1 through 71 as though the same were more fully set forth herein at length.

74.    The allegations made in the letter of March 19, 2007, a copy of which is annexed as Exhibit A to Plaintiff's complaint were provoked by Plaintiff by reason of his improper conduct with respect to Defendants and the business of the corporate Defendants.

AS AND FOR A EIGHTH
AFFIRMATIVE DEFENSE

75.    The allegations made in the letter of March 19, 2007, a copy of which is annexed as Exhibit A to Plaintiff's complaint were based on personal observations and opinions of Defendant Eichenholtz as a result of information received from industry sources, including the addressees of Exhibit A.

AS AND FOR A FIRST COUNTERCLAIM

76.    Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 56 hereof with the same force and effect as if the same had been more fully set forth herein at length.

77.    On and before February, 2006 Klausman advised Eichenholtz that he was dissatisfied with his present employment at Allison USA and made various inquiries of Eichenholtz for the possibilities of a job.

78.    At and during the period prior to February 2006, Eichenholtz was in the process of attempting to start a new venture for the sale and marketing of specialized contact lenses known as the ChromaGen System.

79.    In February 2006, Klausman advised Eichenholtz that he was desperate to leave Allison USA and was willing to take his chances in assisting CHUSA to establish its ChromaGen System.

80.     During February, 2006 and prior to leaving the employ of Allison USA, Klausman knew that CHUSA was not an operating company, but rather a concept of Eichenholtz that he was attempting to establish.

81.     Klausman represented to Eichenholtz that he had extensive contacts in the optical community, including eye doctors, and eye clinics that he could interest in and to whom he could sell the ChromaGen System.

82.     On or about February 27, 2006 Klausman and Eichenholtz and CHUSA entered into an oral agreement whereby CHUSA agreed to pay Klausman as an independent contractor for particular projects.  CHUSA and Eichenholtz made no representations as to rates of pay, number of projects, or duration of this arrangement.

83.     In addition, Klausman signed an application for employment in which Klausman, among other things, specifically agreed that there were no promises regarding employment, that CHUSA had no obligation to hire Klausman, and that the employment was "at will" and without any fixed term, and was terminable at will without cause.

84.     Klausman accepted the aforesaid terms and conditions and agreed to provide CHUSA with aggressive marketing efforts with the contacts he had developed over the years.

85.     In accordance with the aforesaid agreement,  CHUSA advanced Klausman the sum of $16,000 as part of the agreement by Klausman to represent CHUSA at the International Expo East optical trade show that took place in New York, and to establish contacts with eye doctors and to sign up doctors willing to train for the ChromaGen System.

86.     In further consideration of Klausman assisting CHUSA in its start up efforts and it efforts to market the ChromaGen System, Eichenholtz agreed to extend his personal health insurance coverage available to Klausman and his wife.  As part of that agreement CHUSA paid $7,800 in premium on the health insurance policy.

87.     Klausman constantly promised to provide CHUSA with the contact information he had developed ant the trade show, but has failed and refused, and still fails and refuses to disclose that information.  In addition, Klausman never marketed the ChromaGen System and never provided  CHUSA with any contact information or any evidence that he did any work for CHUSA

9

88.    By reason of the premises, Klausman was unjustly enriched in that he received monies from CHUSA and did not provide the services that formed the consideration for that payment, and CHUSA is entitled to the return of the aforesaid payments, as well as any other payments made to Klausman

## AS AND FOR A SECOND COUNTERCLAIM

89.    Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 74 hereof with the same force and effect as if the same had been more fully set forth herein at length.

90.    In or around July, 2006, CHUSA and Klausman agreed that Klausman would represent CHUSA and aggressively promote the ChromaGen System at the tradeshow that was scheduled to take place in Las Vegas in September, 2006 for the West Coast eye doctors.

91.    In consideration of that agreement, CHUSA advanced Klausman a sum of money of $4,000 plus $1,500 in advance expenses and air tickts for Klausman and his wife.

92.    Klausman accepted these sums but never attended the Nevada Trade Show and never returned any of the funds advanced to Klausman for that purpose.

93.    By reason of the premises, Klausman breached its agreement with CHUSA and was unjustly enriched and CHUSA is entitled to a return of the aforesaid monies and airfare payments advanced by it to Klausman.

## AS AND FOR A THIRD COUNTERCLAIM

94.    Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 79 hereof with the same force and effect as if the same had been more fully set forth herein at length.

95.    Beginning March, 2006 Klausman agreed to solicit doctors and eye clinics to have them register as clients with the ChromaGen System.

96.    As part of that solicitation, Klausman agreed that, in exchange of the client's payment of $1,000 to deliver an eye testing kit and provide the client with back up information and literature provided by CHUSA.

97.     Klausman collected the $1,000 payment from the clients but failed to deliver the eye testing kit or any supporting literature or supply any other support to the clients who had registered.

98.     In consideration of having obtained the registration of the client, CHUSA agreed to and did pay Klausman the sum of $1,000 for each registered client.

99.     Contrary to his duties and obligations and contrary to the representations he made to CHUSA and Eichenholtz, Klausman did not deliver the testing kit to the clients or supply any supporting information, causing the doctors to cancel their registration and destroying the goodwill of the ChromaGen trademark.

100.    By reason of the premises, Klausman is liable to CHUSA in the amount of $5,000 representing the return registration deposits and an amount resenting damage to the trade name and trademark of ChromaGen to be established at trial of this action, but estimated to be $ 1,000,000

.

## AS AND FOR A FOURTH COUNTERCLAIM

101.    Defendants repeat and reallege each and admission, denial and denial for lack of sufficient knowledge or information contained in paragraphs 1 through 87 hereof with the same force and effect as if the same had been more fully set forth herein at length.

102.    On or about February 6, 2007 Eichenholtz contacted Klausman regarding work to be done with respect to the building of the ChromaGen business, and provided Klausman with a detailed list of actions and objectives.

103.    Klausman represented to Eichenholtz that he could undertake those acts and move toward achieving the objectives but stated that he required some money, and Eichenholtz agreed to pay and did  pay Klausman $5,000 as an advance to undertaking those actions and achieving those objectives.

104.    At the time of making the aforesaid representations and accepting the monies, Klausman did not reveal that he had undertaken full time employment with another firm, and this fact was unknown to Eichenholtz.

11

105.    As soon as Klausman had cashed the check and received the $5,000, he called Eichenholtz and told him he was fully employed elsewhere and that he would not undertake the duties he had agreed to undertake.

106.    Upon information and belief, Klausman had no intention of performing the work at the time he received the payment from Eichenholtz, and thus took monies under false pretenses and with the willful intent not to perform the acts he agreed to perform.

107.    By reason of the premises Klausman committed a fraud against Eichenholtz and is liable to Eichenholtz for $ 5,000 plus attorney fees and punitive damages

**WHEREFORE**, Defendants respectfully request that the complaint be dismissed and that Defendants CHUSA and Eichenholtz have judgment against Klausman:

1. in the amount of $23,800 on the First Counterclaim

2. in the amount of $ 6,700 on the Second Counterclaim

3. in the amount of $5,000 on the Third Counterclaim

4. an amount on the Third Counterclaim for damage to the trademark and goodwill to be shown at trial but estimated at $1,000,000

5. in the amount of $5,000 on the Fourth Counterclaim

6. punitive damages and attorney fees on the Fourth Counterclaim

Dated:  New York, New York
       August 16, 2007

By: _____

      CASPAR F. EWIG
      HILL RIVKINS & HAYDEN LLP
      *Attorneys for Defendants*
      45 Broadway, Suite 1500
      New York, N.Y. 10006
      Tel. (212) 669-0600
      Fax: (212) 69-0698/0699

To:  Himmel & Bernstein

12

AS AND FOR A SECOND
AFFIRMATIVE DEFENSE

58.    Plaintiff's cause of action is barred by the Statute of Frauds

AS AND FOR A THIRD
AFFIRMATIVE DEFENSE

59.    Plaintiff's causes of action are barred by the doctrine of unclean hands.

AS AND FOR A FOURTH
AFFIRMATIVE DEFENSE

60.    Plaintiff's claim is barred for lack of consideration.

AS AND FOR A FIFTH
AFFIRMATIVE DEFENSE

61.    By reason of his actions, Plaintiff is estopped from pursuing the employment or Labor Law causes of action

AS AND FOR A SIXTH
AFFIRMATIVE DEFENSE

62.    Defendants were justified in making the statements set forth in Exhibit A because said statements were true as respects Plaintiff's conduct in the performance of his duties to Defendants and his employment by Defendant ChromaGen.

63.    Defendants allege the truth of the statement set out in 44(a) of Plaintiff's complaint, in that Plaintiff, among other things, represented to Defendants that he had successfully recruited doctors to become certified as ChromaGen practitioners and supplied them with Diagnostic Kits and medical information;  Plaintiff took commissions from Defendants based on those representations, which representations were false.

64.    Defendants allege the truth of the statement set out in 44(b) of Plaintiff's complaint, in that Plaintiff stated he would provide Defendants with the benefits of his a close working relationship with firms that had government contracts concerning color blindness and  with firms that would provide an entry of ChromaGen products into the sports area, as well as being able to

produce an entry with the New York Eye, Ear and Nose Hospital, and others, none of which were existed or were delivered to Defendants

65.    Defendants allege the truth of the statement set out in 44(c) of Plaintiff's complaint, in that, in addition to the allegations set out hereinabove, Plaintiff obtained payment from Defendants on the representations that he would follow up with doctors interested in becoming ChromaGen practitioners and provide those doctors with information and training, none of which were provided.

66.    Defendants allege the truth of the statement set out in 44(d) of Plaintiff's complaint, in that Defendant has prepared and is presenting Plaintiff's conduct to the federal legal and taxing authorities based on plaintiff's practices in obtaining commissions

67.    Defendants allege the truth of the statement set out in 44(e) of Plaintiff's complaint, in that Plaintiff, alleged in the complaint, had obtained other employment in January 2007, but without revealing such employment accepted monies from Defendants on the unfulfilled promise and representation that he would continue to work for Defendant and undertake the acts set out in a memorandum dated February 6, 2007.

68.    Defendants allege the truth of the statement set out in 44(f) of Plaintiff's complaint by repeating and re-alleging the allegations hereinabove setout.

69.    Defendants allege the truth of the statement set out in 44(g) of Plaintiff's complaint by repeating and re-alleging the allegations hereinabove setout.

70.    Defendants allege the truth of the statement set out in 44(h) of Plaintiff's complaint by repeating and re-alleging the allegations hereinabove setout.

71.    Defendants allege the truth of the statement set out in 44(i) of Plaintiff's complaint based on the conduct and comments of Plaintiff in or around January 2007.

72.    By reason of the premises all of Plaintiff's allegations of libel should be stricken, since the statements are true.